THORNBURG ET AL. *v.* MARTIN ET AL.

[No. 31,144. Filed June 22, 1967.]

*George S. Stevens* and *Stevens, Wampler, Travis & Feagler,* both of Plymouth, for appellants.

*John J. Davie,* of LaPorte, for appellees.

MOTE, J.—The School Trustees of Oregon Township and Davis Township of Starke County, Indiana, by appropriate resolution, elected to consolidate the schools of both townships and to operate the same in the name and style of Oregon-Davis Metropolitan School District of Starke County, Indiana, pursuant to the provisions of the Acts of 1949, Chap. 226, as amended.

Thereafter, on August 2, 1963, the State Commission for the Reorganization of School Corporations approved the consolidation of said Oregon and Davis Townships into one Metropolitan School District, which approval was in the words and figures following, to-wit:

> "The Commission had before it for consideration a request for a Metropolitan District consisting of Oregon-Davis twps., Starke County. After discussion, Mr. Moody moved and Mr. Holmes seconded, this stipulation that this is an interim consolidation and in no wise will impede the County Committee in completing a comprehensive plan that proposed Oregon-Davis as a Community School Corporation would not be acceptable. The vote was six 'yes' and one 'no.' Motion carried."

It appears that proper notice was given concerning the adoption of said resolution; that no petition of protest was filed in either Township; that the said Metropolitan School District came in to being on September 1, 1963; and that pursuant to the call of the County Superintendent of Schools of Starke County, Indiana, the first Board of Education met, organized and did the necessary things to complete its organization.

It further appears that from September 1, 1963, the school affairs of the two Townships have been under the jurisdiction of the Metropolitan Board of Education of the Metropolitan School District of Oregon-Davis Starke County, Indiana, which assumed all of the assets and liabilities of the two school Townships.

It also appears that the Board of Education, prior to the commencement of this action in the court below, was considering the feasibility of the construction of a new junior-senior high school to be located on a 40-acre tract of land for which the said Board had negotiated an option to purchase; that architects had been employed; and that on March 9, 1964, an application for the construction of a new junior-senior high school building had been submitted to the Division of School House Planning of the Department of Public Instruction. On September 1, 1964, the said Board received a site survey and selection approval from the State Board of Health, thus meeting the requirements of the Sanitary School House Law, as provided by §§ 1600-1614 of the Acts of 1949, Chap. 157.

Therefore, it appears that said Board secured approval of each and every step required to be taken in conjunction with the proposed construction.

The Appellants filed the action in the court below which attacked the validity of the consolidation of the two schools and alleged, among other things, that no final comprehensive plan for the reorganization of schools in Starke County had been approved by the State Commission for the Reorganization of School Corporations under the Acts of 1959; that the said Metropolitan School District was a sub-standard unit and would not qualify for a superintendent under the State Aid Formula; that there was evidence of declining enrollment; that the cost of construction would load the taxpayers with a debt of approximately one million dollars; and that the prose-

cution of the building plans should be restrained and enjoined until the reorganization of schools in the county.

As Appellants assert, we think the issue presented to this Court is whether the Appellees are authorized and empowered to proceed with their building plans before the schools of Starke County, and particularly those of Oregon and Davis Townships, have been reorganized. Our answer to this proposition is in the affirmative for the reason that the record discloses that the Appellees, and their predecessors, strictly followed the statutory provisions in the creation of the Metropolitan School District of Starke County, Indiana. We believe the Appellants agree, with but one exception, and that exception is in relation to the approval of the consolidation by the said State Commission on August 2, 1963. There does not appear to be any other significant issue tendered by this appeal.

We have quoted herein the exact language of the order of approval of the consolidation by the State Commission and we have only to determine the meaning of that language to arrive at a decision in this case. There is no doubt in our minds that the Commission approved the consolidation. The exact language used by the Commission is as follows:

". . . this consolidation be approved—."

The fact that the Commission used a dash after the phrase "this consolidation be approved" instead of a period has no significance, particularly when the stipulation following emphasizes the fact that it is approved but is considered as an "interim consolidation" which will in no wise impede the County Committee in completing a comprehensive plan for Starke County. The additional language of the Commission seems to us to imply a mere notice that a comprehensive plan that would create Oregon-Davis as a Community School Corporation would not be acceptable.

It appears to us that the County Committee for the Reorganization of Schools in Starke County may not have been able to make much progress in the performance of its statutory duties. Possibly it may have occurred to the State Commission that the proposal of consolidation and the construction of these new facilities would be a step in the right direction to provide better school facilities for Starke County. While it is not necessary to a decision herein, we can see no reason why the proposed facilities may not and cannot be suitably employed in an overall school reorganization system or plan for Starke County.

Judgment affirmed.

Arterburn, J., and Hunter, C. J., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 27 N. E. 2d 446.